This case involves an election contest of the November 1984 general election for the office of superintendent of education of DeKalb County.
The contest was filed by candidate Walter Thomas and Ronald McCurdy, a registered voter of DeKalb County, against candidate Franklin Kellett, who according to the election returns was the winner by approximately 700 votes.
The contest was filed on November 19, 1984. The trial was originally set for December 13, 1984, but was rescheduled to December 20, 1984, upon the plaintiffs' request for a continuance. On December 13, 1984, a pretrial hearing was held. The plaintiffs at that time filed a notice of evidence as required by Code 1975, § 17-15-21, and the defendant filed a motion to dismiss based upon the insufficiency of that notice of evidence. The plaintiffs also made a motion for another continuance, which was denied. The court then took the motion to dismiss under advisement. On *Page 555 
December 14, 1984, the plaintiffs filed a reply to the defendant's motion to dismiss and also filed a motion for leave to further amend their complaint. The motion to further amend was denied.
The trial court in its order states that it considered the complaint, amended complaint, and the notice of evidence and found that "the Plaintiffs, without excusable cause, have failed to comply with the provisions of said § 17-15-21 and are not now in a position to offer to the Court sufficient evidence and testimony to support their claims in this cause." The trial court further noted that even if the plaintiffs could prove the incorrect tabulation of the votes of 54 electors, as alleged in the notice of evidence, it would not change the result of the election. The trial court, for these reasons, concluded that it would be futile to conduct a formal, plenary hearing on the merits and granted the defendant's motion to dismiss.
Plaintiffs contend that the trial court abused its discretion in failing to grant a continuance. Plaintiffs argue that Attorney Morris J. Brooks, Jr., did not receive notice of the trial court's setting of pre-trial and trial dates. The notices were sent instead to Attorney Albert L. Jordan.
In the original pleading filed on November 19, 1984, Brooks represented Thomas, who was at that time the sole contestant. In a letter dated November 20, 1984, Jordan informed the trial court that pursuant to conversations with Ronald McCurdy he was entering his appearance as attorney for Thomas. This letter was filed with the court on November 26, 1984, and notes that a copy was forwarded to Brooks. The trial court noted that Brooks admitted receipt of this letter.
On November 27, 1984, Jordan filed an amended complaint, the heading of which listed Walter Thomas and Ronald McCurdy as plaintiffs. Most important was the fact that Walter Thomas signed the verification of this amended complaint.
From the foregoing we find that the trial court was apprised of sufficient interaction between Thomas, Jordan, and Brooks to reasonably conclude that Thomas was jointly represented by Jordan and Brooks. We further find that under these circumstances the trial court's notification of Jordan and not Brooks concerning certain trial matters was sufficient to give notice to both in light of their apparent co-counsel status.
The plaintiffs' next argument in support of their contention that the trial court abused its discretion in denying the motion for a continuance is that in denying the motion the court subverted the purpose of the courts.
It is well settled that the trial court's denial of a motion for a continuance will not be overturned absent palpable or gross abuse of the trial court's discretion. Madison v. Weldon,446 So.2d 21 (Ala. 1984); Van Buren v. Dendy, 440 So.2d 1012
(Ala. 1983); Johnson Publishing Co. v. Davis, 271 Ala. 474,124 So.2d 441 (1960). We note that the trial court did grant one continuance in the instant case, changing the trial date from December 13, 1984, to December 20, 1984. Upon these facts and authority we find that the trial court in no way subverted the purpose of the courts, and in no way abused its discretion in denying the continuance requested on December 13, 1984.
The plaintiffs next contend that the trial court erred when it granted the defendant's motion to dismiss on the grounds that the plaintiffs failed to meet the notice requirements of Code 1975, § 17-15-21.
Section 17-15-21 provides:
 "No testimony must be received of any illegal votes or of the rejection of any legal votes in any contested election commenced under the provisions of this article unless the party complaining thereof has given to the adverse party notice in writing of the number of illegal votes and by whom given and for whom given, and at what precinct or voting place cast, or the number of legal votes rejected, and by whom offered, and at what precinct *Page 556 
or voting place cast, which he expects to prove on the trial. Such notice must be served personally or left at the residence or usual place of business of the adverse party at least 10 days before the taking of testimony in reference to such votes."
The grounds for the contest as alleged by the plaintiffs were that (1) legal votes cast for Thomas in the election were not counted or were rejected, (2) illegal or non-existent votes were counted for Kellett, and (3) various election officials engaged in malconduct calculated to prevent a fair, free, and full exercise of the elective franchise by failing or refusing to record votes cast for Thomas and by recording votes for Kellett which were not in fact cast for Kellett.
In Carter v. Wiley, 406 So.2d 340 (Ala. 1981), at 345, this Court stated:
 "[T]he provisions of § 17-15-21, requiring a contestant to supply the contestee with the number of legal votes rejected or illegal votes counted which contestant expects to prove on the trial, can not be read so literally as to exclude the right of a contestant to charge and prove fraud on the part of election officials. In establishing that proof, however, a contestant, via his notice of the nature of evidence, must reconcile his allegations of malconduct with his notice pleading (as required by § 17-15-21) in such a manner that the contestee is put on notice that those allegations of malconduct are matters which contestant seeks to prove. . . ."
Plaintiffs' notice of evidence in the instant case is devoid of any specific mention or reference to malconduct of officials which he sought to prove.
The plaintiffs in their notice of evidence make only one statement, that being, at beat 18, box 2, 55 votes rather than 35 votes should have been credited to Thomas. This would amount to a total gain of only 20 votes to Thomas. Because Thomas trailed Kellett by approximately 700 votes, this 20-vote change in the vote total would not place Kellett's vote at or below that of Thomas, which is a required ground for a contest under Code 1975, § 17-15-20, or for an annulment under Code 1975, §17-15-2.
Last, and perhaps most important, is the fact that the notice of evidence was filed on December 13, 1984, less than 10 days prior to December 20, 1984, the date set for the hearing, in contravention to Code 1975, § 17-15-21. Accordingly, upon these facts we find no error in the trial court's dismissal of this case on the grounds that the plaintiffs did not comply with § 17-15-21.
As its final issues the plaintiffs contend that the operation of Alabama's election contest laws, in conjunction with the denial of their motion for a continuance, operated to deny them due process and equal protection of the law.
The trial court determined that the plaintiffs' motion to further amend their complaint to contest the constitutionality of Code 1975, § 17-15-1, § 17-15-20, § 17-15-29, § 17-15-34, and § 17-15-35 was untimely and the motion was denied.
Rule 15, A.R.Civ.P., provides that "[a] party may amend his pleading once as a matter of course at any time before a responsive pleading is served, or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, he may so amend it . . . within thirty (30) days after it is served. Otherwise a party may amend his pleading without leave of court but subject to disallowance on the court's own motion. . . ." This case had progressed past the initial pleading stage when the trial court took the motion to dismiss under submission. Pursuant to Rule 15, A.R.Civ.P., it was within the trial court's discretion to deny a motion by plaintiffs to further amend their complaint at that point in time. We find no abuse of that discretion, especially in light of the fact that plaintiffs could have raised their constitutional challenge prior to the time the motion to dismiss was argued and submitted. Consequently, the trial court committed no error *Page 557 
in denying the motion to further amend the complaint.
Accordingly, the judgment of the trial court granting defendant's motion to dismiss is due to be affirmed.
AFFIRMED.
TORBERT, C.J., and ALMON, SHORES, BEATTY and HOUSTON, JJ., concur.