ADAMS, Justice.
Plaintiffs, Earl and Floradell Walton, filed this appeal to seek a reversal of the judgment entered against them by the Circuit Court of Fayette County in their ejectment action to recover mineral rights in a certain 10-acre tract of land. We reverse.
The facts of this case are as follows:
On January 5, 1932, W.A. Powers and M.J. Stough entered into an agreement for the transfer of land. The agreement was evidenced by a deed executed from Powers to Stough, wherein Stough was to make a $200.00 down payment and 18 additional payments of $100.00 yearly to Powers for 113 acres of land, which included the 10 acres upon which this appeal focuses. The deed was not delivered to Stough upon execution, but was placed in escrow with Citizens Bank of Fayette, Alabama, until all payments were made from Stough to Powers. Once all payments had been made, the deed was to be delivered to *208 Stough. This 1932 deed did not contain a mineral reservation in favor of W.A. Powers, nor was the deed recorded.
On September 21, 1935, Powers and Stough executed a new deed for 110 of the original 113 acres, but this deed reserved the mineral rights in the land to W.A. Powers. Stough borrowed $1,000.00 from the Federal Land Bank to pay Powers, who in return delivered the deed to Stough. This deed was recorded one week later, on September 28, 1935.
Sometime between 1935 and 1940, W.A. Powers died. On August 26, 1940, the heirs of W.A. Powers executed a quitclaim deed to M.J. Stough. This deed showed on its face that it was intended to remove any cloud of title to the property and clear up any confusion with regard to what was conveyed from Powers to Stough. There was, however, no reservation of mineral rights in the grantors, and this deed, like the 1932 deed, was unrecorded.
On September 27, 1956, Earl and Flora-dell Walton purchased 60 acres of land from M.J. Stough, 10 acres of which was the property involved in this suit. The Waltons claim that on two separate occasions, once in the 1960’s and once in 1973, they leased their mineral interests in the 10 acres. In 1981, the Waltons learned that Appollo and Company was leasing the minerals in the 10 acres from the heirs of W.A. Powers. For the first time since receiving them, the Waltons checked the two deeds they had been given by M.J. Stough in 1956 (the 1932 deed and the 1940 deed). Discovering that neither deed had been recorded, they recorded them in December 1981. The Waltons then filed this action on April 7, 1983, approximately 16 months later.
The Waltons argue that the fact that the 1932 and 1940 deeds were unrecorded until 1981 does not render them invalid. They direct our attention to the case of Watson v. Watson, 283 Ala. 214, 215 So.2d 290 (1968), wherein this Court stated:
Our recording statutes being “notice” statutes, the fact that the deed was not recorded until after the death of the grantor would not affect its consideration per se by the court.
283 Ala. at 219, 215 So.2d at 294.
We have no quarrel with the above-quoted language or with the appellants’ argument. It is undisputed that when the Waltons purchased the property in 1956, the only deed recorded was the 1935 deed, which clearly reserved the mineral rights in the 10 acres. The law in Alabama has long been that a purchaser of property is deemed to have notice of the contents of any recorded documents affecting his chain of title. Christopher v. Shockley, 199 Ala. 681, 75 So. 158 (1917).
Our opinion in Boshell v. Keith, 418 So.2d 89 (Ala.1982), sets forth clearly and in detail the rule of repose which generally would bar a claim similar to that made by the Waltons.
In Boshell we stated:
Since McArthur v. Carrie’s Admr., 32 Ala. 75 (1868), this State has followed a rule of repose, or rule of prescription, of 20 years. This principle of repose or prescription is similar to a statute of limitations, but not dependent upon one, and broader in scope. Scott v. Scott, 202 Ala. 244, 80 So. 82 (1918); Patterson v. Weaver, 216 Ala. 686, 114 So. 301 (1927). It is a doctrine that operates in addition to laches. Unlike laches, however, the only element of the rule of repose is time. It is not affected by the circumstances of the situation, by personal disabilities, or by whether prejudice has resulted or evidence obscured. Wilkerson v. Wilkerson, 230 Ala. 567, 161 So. 820 (1935); 30A C.J.S., Equity § 113 (1965), at p. 33. It operates as an absolute bar to claims that are unasserted for 20 years. Roach v. Cox, 160 Ala. 425, 49 So. 578 (1909). The rationale for this absolute bar to such actions was set forth in Snodgrass v. Snodgrass, 176 Ala. 276, 58 So. 201 (1912), as follows:
“As a matter of public policy, and for the repose of society, it has long been the settled policy of this state, as of others, that antiquated demands will not be considered by the courts, and that without regard to any statute of limitations, *209 there must be a time beyond which human transactions mil not be inquired into. It is settled that, after a period of 20 years, without any payment, settlement, or other recognition of liability, mortgages and liens will be presumed to have been paid, settlements will be presumed to have been made by administrators, trustees, agents, and other, persons occupying fiduciary positions. It is necessary for the peace and security of society that there should be an end of litigation, and it is inequitable to allow those who have slept upon their rights for a period of 20 years, after they might have demanded an accounting, and after, as is generally the case, the memory of transactions has faded and parties and witnesses passed away, to demand an accounting. The consensus of opinion in the present day is that such presumption is conclusive, and the period of 20 years, without some distinct act in recognition of the trust, a complete bar; and, as said in an early case, ‘the presumption rests not only on the want of diligence in asserting rights, but on the higher ground that it is necessary to suppress frauds, to avoid long dormant claims, which, it has been said, have often more of cruelty than of justice in them, that it conduces to peace of society and the happiness of families, ‘and relieves courts from the necessity of adjudicating rights so obscured by the lapse of time and the accidents of life that the attainment of truth and justice is next to impossible.’ ” [Citations omitted, emphasis added in Boshell.']
418 So.2d at 91.
However, the 20-year period is stayed when the party defending the claim has recognized the existence of the claimant’s rights. Boshell v. Keith, supra. The heirs of Powers recognized the existence of the rights now claimed by the Waltons when the heirs executed the quitclaim deed on August 26, 1940, to M.J. Stough. Although the Waltons waited 27 years before they filed suit, because of the quitclaim deed the time period was stayed. Therefore, the judgment of the trial court is reversed.
REVERSED AND REMANDED.
TORBERT, C.J., and SHORES and STEAGALL, JJ., concur.
JONES, J., concurs in the result.