HORNSBY, Chief Justice.
The defendant, Alex Dixon, appeals the trial court’s ruling, based on ore tenus evidence, that a foreclosure by the plaintiff, H. Jack Windsor, was proper and that Dixon had failed to redeem his interest in the property within the one year allowed by statute for redemption.
Dixon and his late wife, Irene Dixon, borrowed $2,000 from George and Lillie Mae Quarles and they executed to the Quarleses a promissory note in that amount, due on February 23, 1989. As security for their indebtedness, the Dixons mortgaged certain land to the Quarleses.
Sometime in August 1988, the Quarleses assigned their interest in the note and mortgage to Windsor. Windsor informed Dixon that he had acquired the note and mortgage. Later, Dixon’s attorney informed Windsor that George Quarles owed Dixon back rent under an earlier lease.
After February 23, 1989, Windsor proceeded to foreclose on the property. Notice of the foreclosure was properly advertised in the Montgomery Independent newspaper. On April 12, 1989, the property was sold to Windsor in the foreclosure sale. Windsor received from Dixon a letter on April 3, 1990, stating that Dixon intended to redeem the property; Windsor replied by letter on April 11, 1990, stating that the amount necessary for the redemption was $2,839.45. On the same day, Dixon deposited the funds in his lawyer’s client trust account. On April 13, 1990, one day after the one-year redemption period had run, Dixon’s attorney wrote Windsor a letter stating that the funds had been received and requesting that Windsor supply marital information for the preparation of a deed.
The trial court found that Windsor had properly foreclosed on the property and that Dixon had not tendered the redemption payment within the one-year period specified by Ala.Code 1975, § 6-5-252. The trial court further found that Dixon had no valid excuse for failing to timely make the tender. The trial court specifically noted that the failure of Dixon’s attorney to timely tender the redemption amount was not a valid excuse. Accordingly, the trial court entered a judgment barring Dixon from redeeming the property. The court denied Dixon’s motion for a new trial.
The trial court heard this case without a jury. Where evidence is presented to the trial court ore tenus, a presumption of correctness exists as to the court’s conclusions on issues of fact; its determination will not be disturbed unless clearly erroneous, without supporting evidence, manifestly unjust, or against the great weight of the evidence. Gaston v. Ames, 514 So.2d 877, 878 (Ala.1987); Cougar Mining Co. v. Mineral Land & Mining Consultants, Inc., 392 So.2d 1177 (Ala.1981). However, when the trial court improperly applies the law to the facts, no presumption of correctness exists as to the court’s judgment. Gaston, supra; Smith v. Style Advertising, Inc., 470 So.2d 1194 (Ala.1985); *900 League v. McDonald, 355 So.2d 695 (Ala.1978).
After a careful review of the record, we find ample evidence to support the trial court’s findings of fact. Given these findings of fact, we find no merit in Dixon’s argument that Windsor, as a matter of law, could not foreclose because the mortgage transfer was not recorded before foreclosure. Our cases have long held that the requirement of recordation is for the protection of parties without notice. Payne v. Carver, 534 So.2d 566 (Ala.1988); Walton v. Fowler, 510 So.2d 207 (Ala.1987). In this case the transfer from the Quarleses to Windsor was validly executed, and Dixon had notice of Windsor’s interest. The effect of recordation is not relevant to the validity of the foreclosure.
With respect to Dixon’s argument that the trial court’s order was not based on the applicable statute, we note that the trial court’s order was based upon Ala.Code 1975, § 6-5-252, and the Code article containing this provision also provides: “This article applies only to mortgages foreclosed after January 1, 1989.” Ala.Code 1975, § 6-5-257. Accordingly, the judgment of the trial court is affirmed.
AFFIRMED.
ALMON, ADAMS, STEAGALL and INGRAM, JJ., concur.