On April 16, 1998, the City of Birmingham (hereinafter "the City") filed a complaint in the Probate Court of Jefferson County, seeking, pursuant to § 11-80-1, Ala. Code 1975, to condemn certain real property for public use (hereinafter the "subject property"). The City named as defendants to its action Mary Elizabeth Conaway, E.N. Conaway, Spiller Furniture Company, the Alabama Department of Industrial Relations, ORIX Credit Alliance, Inc. (hereinafter "ORIX"), and others.
The City amended its complaint a total of seven times. Those amendments, among other things, added to the property the City sought to condemn a small parcel of property (hereinafter the "second parcel of property"); made corrections to portions of the list of the defendants' addresses contained in the City's complaint; and named additional defendants. In one of its amended complaints, the City named William B. Washington as a defendant.
Mary Elizabeth Conaway (hereinafter "Conaway") had purchased the subject property in 1989. The defendants, except Washington, named in the City's complaint and amended complaints are creditors of Conaway's that obtained and filed judgment liens against the subject property. Conaway had failed to pay the property taxes on the subject property for the 1994 tax year. As a consequence, the State purchased the property at a tax sale in May 1995. In August 1997, Washington paid the State $2,056.47 (representing the amount bid by the State at the tax sale, plus taxes due for the 1995 and 1996 tax years, together with interest), and received in exchange for that payment an assignment of the State's tax certificate of sale; thereby, he obtained an interest in the subject property.
On November 20, 1998, the probate court entered a judgment of condemnation, ordering in that judgment that the City pay $110,000 for the subject property and $3,000 for the second parcel of property. The City timely appealed, pursuant to § 18-1A-283, Ala. Code 1975, to the circuit court; Washington cross-appealed to the circuit court.
On May 12, 2000, the circuit court (hereinafter the "trial court") entered a judgment ordering the condemnation of the property and ordering the City to pay $100,000 for the subject property. Also on May 12, 2000, ORIX filed a motion seeking to ascertain the various defendants' interests in the property and to distribute the proceeds of the condemnation action. ORIX's motion stated that all of the defendant lienholders except Washington had entered into an agreement regarding the distribution of the proceeds of the condemnation action. ORIX filed evidence indicating that although Washington had purchased a tax certificate for the subject property, the property had been redeemed, pursuant to § 40-10-120 et seq., Ala. Code 1975. *Page 830 
The trial court scheduled hearings on two separate dates, but, on Washington's motions, it continued both of those hearings. On June 30, 2000, the trial court entered an order that continued the action for a third time. In that order, the trial court stated that the case had come before the court for a hearing on the merits but that Washington's attorney had filed, in open court, a motion to withdraw. Over ORIX's objection, the trial court granted the motion, stating, "Under no circumstances will this hearing be continued again. If William Washington desires to employ other counsel, he is ordered to do so immediately and forthwith, to proceed with all haste and diligence, and to be prepared for the hearing on the merits on July 31, 2000."
On July 26, 2000, a second attorney filed a notice of appearance on behalf of Washington; the attorney also sought a continuance of the scheduled July 31, 2000, hearing, because, he stated, he was going on vacation. On July 31, 2000, the trial court considered the motion for a continuance and denied it. The trial court conducted the scheduled hearing; Washington's second attorney was not present to represent Washington at the hearing, but substitute counsel hired by the second attorney assisted Washington during the hearing.
On August 3, 2000, the trial court entered an order finding, among other things, that Washington had no interest in the subject property and ordering the distribution of the condemnation proceeds among several of the defendant lienholders. Washington filed a postjudgment motion pursuant to Rule 59, Ala.R.Civ.P.; the trial court denied that motion. Washington appealed to the Supreme Court of Alabama, which transferred the appeal to this court, pursuant to § 12-2-7(6), Ala. Code 1975.
We first address Washington's argument that the trial court erred in denying his July 26, 2000, motion for a continuance of the July 31, 2000, hearing on the merits. Continuances are not favored, and a trial court's denial of a motion for a continuance will be reversed only where the movant shows that the denial was a palpable abuse of the trial court's discretion. Tillis Trucking Co. v. Moses, 748 So.2d 874 (Ala. 1999); Copeland v. Samford Univ., 686 So.2d 190 (Ala. 1996). The trial court entered a detailed order explaining its reasons for denying Washington's motion to continue. Among those reasons was that it had granted two prior continuances at Washington's request; that ORIX opposed the continuance; that witnesses had incurred expenses traveling from another state to attend the hearing; and that the second attorney had agreed to represent Washington with knowledge of the scheduled trial date, with knowledge that his planned vacation conflicted with the scheduled trial date, and with knowledge of the trial court's June 30, 2000, order in which it stated that no further continuances would be granted. The record also indicates that the trial court offered to continue the action if Washington agreed to reimburse the witnesses for their travel expenses, which totaled $400; however, although he had the ability to pay that amount, Washington decided not to do so. Given the facts, we cannot say the trial court's denial of Washington's motion for a continuance amounted to an abuse of its discretion.
The record on appeal contains a statement of the evidence, made pursuant to Rule 10(d), Ala.R.App.P., presented at the July 31, 2000, hearing. The record also contains the transcript of the hearing on Washington's postjudgment motion.
Washington raises a number of issues related to the validity of several of the *Page 831 
various defendants' liens on the subject property. However, because we conclude that the trial court correctly determined that Washington had no interest in the subject property, we affirm its judgment and pretermit discussion of those issues.
Where a trial court hears ore tenus evidence, a presumption of correctness attaches to its findings of fact based on that evidence, and this court will not reverse a judgment based on those findings absent a showing that the trial court abused its discretion and that its judgment was plainly and palpably wrong. Dixon v. Windsor, 596 So.2d 898 (Ala. 1992); Gaston v. Ames, 514 So.2d 877 (Ala. 1987).
The Rule 10(d) statement of the evidence indicates that ORIX presented evidence indicating that on May 5, 1995, the State of Alabama obtained a tax certificate on the subject property after its owner, Conaway, had failed to pay taxes on it.[1] On August 13, 1997, Washington paid $2,056.47, the total amount of the taxes and interest due on the subject property for the years 1994 through 1996; he received an assignment of the State's tax certificate of sale for the subject property. Washington makes no claim that he has any interest in the second parcel of property that was condemned pursuant to this action. In October 1997, Conaway paid the taxes due on parcel one for the years 1994 through 1997, plus interest. On October 16, 1997, the tax collector of Jefferson County issued a certificate of redemption of the subject property to Conaway. Gary Boyd, an employee of the Tax Collector's Office of Jefferson County, testified that Washington no longer had any interest in the subject property because Conaway, the owner of the property, had properly redeemed it pursuant to § 40-10-120 et seq., Ala. Code 1975.
At the hearing on his postjudgment motion, Washington presented evidence indicating that Conaway had failed to pay taxes on the subject property after 1991 and that National Bank of Commerce had purchased the tax certificate for the subject property. Washington presented evidence indicating that he purchased a tax certificate for the subject property after National Bank of Commerce had failed to pay taxes on it.
 "Real estate which hereafter may be sold for taxes and purchased by the state may be redeemed at any time before the title passes out of the state, or, if purchased by any other purchaser, may be redeemed at any time within three years from the date of the sale by the owner [or other named persons or entities]."
§ 40-10-120, Ala. Code 1975.
In Daugherty v. Rester, 645 So.2d 1361 (Ala. 1994), our supreme court concluded that "three years from the date of the sale" means three years from the date of the issuance of the tax certificate of sale. Washington argues that Conaway lost her interest in the property in 1991, and, therefore, that her 1997 attempt to redeem the subject property was invalid. However, the evidence presented by ORIX tends to indicate that Conaway properly and timely redeemed the subject property.
We note the record indicates that Washington received notice of Conaway's October 16, 1997, redemption and that he sought and received legal advice about the redemption in December 1997. However, *Page 832 
he did not file an action challenging the redemption or seeking to quiet title to the subject property. Washington first challenged Conaway's redemption in this action, and he has therefore required ORIX, a third party, to defend against his challenge of Conaway's redemption. Even assuming that this action was appropriate to first determine Washington's interest in the subject property, we affirm the trial court's judgment.
The trial court found that Washington did not have a property interest in the subject property. Although the evidence concerning the redemption was disputed, it is the duty of the trial court to resolve conflicts in the evidence. The record contains evidence that supports the trial court's determination that Conaway properly and timely redeemed the subject property and, therefore, that Washington no longer had an interest in the property. We cannot say the trial court abused its discretion in determining that Washington no longer had any interest in the subject property. See Dixon v. Windsor, supra. Therefore, because we conclude that the trial court did not abuse its discretion in determining that Washington did not have an interest in the subject property, we must also conclude that he lacks standing to raise the other issues set forth in his brief concerning the rights of the various lienholders.
The trial court's judgment is affirmed.
AFFIRMED.
Yates, P.J., and Pittman, J., concur.
Crawley and Murdock, JJ., concur in the result.
[1] ORIX presented evidence indicating that although some county tax documents indicate National Bank of Commerce owned the property and had failed to pay taxes on it, the tax records were incorrect. ORIX presented evidence indicating that National Bank of Commerce had foreclosed on a mortgage covering some of Conaway's property located near the subject property, but that that foreclosure had not actually affected the subject property.