THOMPSON, Presiding Judge.
Bruce Brian Daniels (“the husband”) and Jennifer Hubbard Daniels (“the wife”) were married in early 2001. One child, a daughter, was born of the parties’ marriage; at the time of the final hearing in this matter, the child was five years old. On January 4, 2006, the wife filed a complaint seeking a divorce from the husband and sole custody of the parties’ child. On February 15, 2006, the husband answered and denied the material allegations contained in the wife’s divorce complaint.
The trial court subsequently ordered the parties to participate in mediation pursuant to § 6-6-20, Ala.Code 1975. On July 11, 2006, the parties entered into a settlement agreement; the agreement is transcribed in the record on appeal. The agreement provided, among other things, that the wife would receive primary physical custody of the child, that the husband would receive supervised visitation with the child, and that the husband would pay $200 a month in child support for a period of six months or until he obtained employment, whichever occurred first. The agreement stated that, at that time, the child-support issue would be revisited and calculated pursuant to the child-support guidelines.
On September 7, 2006, the husband filed a motion to set aside the settlement agreement and a motion to continue the final hearing. In his September 7, 2006, motion, the husband alleged that he had not been physically or mentally well on the date of the mediation. The husband further alleged that he had moved to New Delhi, India, to live with his parents and that he was unable to travel alone to the final hearing scheduled on September 11, 2006.
On September 11, 2006, the trial court conducted an ore tenus proceeding at which the husband was not present but was represented by counsel. Before considering the wife’s divorce complaint, the trial court considered arguments made by counsel for the husband in support of the motion to set aside the settlement agreement and the motion to continue. The trial court denied both motions. On October 6, 2006, the trial court entered a final judgment in which it, among other things, awarded the wife primary physical custody of the child, found the husband to be vol *481 untarily underemployed, ordered the husband to pay $600 per month in child support, and ordered the husband to pay $5,400 in retroactive child support.
On October 30, 2006, the husband filed a motion for a new trial or, in the alternative, to alter, amend, or vacate the trial court’s judgment. The trial court denied the husband’s postjudgment motion, and the husband timely appealed.
The husband contends on appeal that the trial court erred by denying his motion to continue the final hearing. In support of his contention that the trial court erred, the husband relies on the status of his mental health at the time he sought a continuance of the final hearing. However, the record reveals, and the husband acknowledges in his brief on appeal, that he failed to present evidence of the status of his mental health in support of his motion to continue.
A decision to deny a motion for a continuance is within the sound discretion of the trial court. Kitchens v. Maye, 628 So.2d 1082 (Ala.1993). “Continuances are not favored, and a trial court’s denial of a motion for a continuance will be reversed only where the movant shows that the denial was a palpable abuse of the trial court’s discretion. Tillis Trucking Co. v. Moses, 748 So.2d 874 (Ala.1999); Copeland v. Samford Univ., 686 So.2d 190 (Ala. 1996).” Washington v. ORIX Credit Alliance, Inc., 825 So.2d 828, 830 (Ala.Civ.App. 2001); see also Thomas v. Kellett, 489 So.2d 554, 555 (Ala.1986) (“It is well settled that the trial court’s denial of a motion for a continuance will not be overturned absent palpable or gross abuse of the trial court’s discretion.”).
The record indicates that on May 25, 2006, the trial court set the case for a final hearing to be held on September 11, 2006. The trial court entered a second order on June 27, 2006, confirming its earlier order setting the case for a final hearing on September 11, 2006. Four days before the final hearing, the husband moved for a continuance. Counsel for the husband informed the trial court that the husband had been made aware of the date of the final hearing within a few days after the trial court first entered its order setting the case for a final hearing and that the husband had moved to India after he had learned of the date set for the final hearing. Given the undisputed evidence that the date for the final hearing had been set for a little over three months before the husband moved for a continuance and that the husband had full knowledge of the date set for the final hearing, we cannot say that the denial of the husband’s motion to continue was a palpable abuse of the trial court’s discretion. See Tillis Trucking Co. v. Moses, 748 So.2d 874 (Ala.1999).
The husband further contends on appeal that the trial court exceeded its discretion when it denied his motion for a new trial or, in the alternative, to alter, amend, or vacate the trial court’s October 6, 2006, judgment of divorce. It is well settled that trial courts have broad discretion in disposing of postjudgment motions made pursuant to Rule 59, Ala. R. Civ. P., and an order based on the exercise of that discretion is presumed correct. McGriff v. Owen, 791 So.2d 961, 970 (Ala.Civ.App. 2000); Covington v. Covington, 675 So.2d 436 (Ala.Civ.App.1996); and Kent v. Kent, 624 So.2d 599 (Ala.Civ.App.1993).
Our review of the husband’s post-judgment motion reveals that the husband’s argument in support of his post-judgment motion centered on the trial court’s alleged error in denying his motion to continue the final hearing. The husband argued in his postjudgment motion that he was not capable of attending the *482 final hearing because of his emotional state and that he should be allowed to testify on his own behalf. The husband attached a clinical report and an evaluation report made by mental-health-care professionals to his motion in support of his claim that he was emotionally incapable of attending the September 11, 2006, final hearing. The reports indicate that the evaluations were conducted in September 2006, and at least one of the evaluations was conducted before the final hearing.
The husband’s postjudgment motion essentially asks the trial court to revisit its ruling on the motion to continue filed before the trial court conducted the final hearing. As noted earlier, the husband sought a continuance four days before the final hearing, although he knew the date of the hearing three months in advance of filing his motion to continue. The exhibits attached to the postjudgment motion indicate that information relating to the husband’s emotional state was available at the time the trial court considered arguments on the husband’s motion to continue. In light of the foregoing, we cannot say that the trial court exceeded its discretion by denying the husband’s postjudgment motion.
The husband also contends on appeal that the trial court erred in finding him to be voluntarily underemployed because, he says, the undisputed evidence demonstrated that he was incapable of working given his mental incapacity. The only evidence presented at the final hearing was the testimony of the wife. The wife’s testimony revealed the following pertinent facts. After the parties married in early 2001, the husband worked for Norfolk Southern and earned approximately $30,000 a year. It is unclear from the record how long the husband worked for Norfolk Southern. The wife testified that the husband most recently worked for Kellogg, Brown, and Root (“KBR”) in Iraq. The wife believed that the husband’s position with KBR had been terminated. According to the wife, the husband made in excess of $100,000 his first year working for KBR. On cross-examination, the wife acknowledged that the husband could probably not now earn $100,000 a year.
The wife testified that the husband had returned to the United States from Iraq in August 2005. The wife explained that in November 2005, the husband had gone to Japan to “get away” and to look for employment. According to the wife, the husband then went to Jordan with his brother and left Jordan to go to Kuwait to work. The wife testified that the husband then returned to the United States for a short period of time before leaving to live with his parents in India.
The wife testified that she believed the husband’s mental illness began to manifest itself in early 2005. The wife testified that, at that time, the husband began to exhibit irrational behavior. According to the wife, the husband became obsessed with the possibility that she was cheating on him — an allegation that she vehemently denied. The wife testified that the husband would have “episodes” during which he would go “completely crazy.” The wife testified on cross-examination that she did not believe that the husband could work given his current mental condition.
Under Rule 82(B)(5), Ala. R. Jud. Admin., a trial court “shall” impute income to a parent and calculate his or her child-support obligation based upon that parent’s potential income if “the court finds that [the] parent is voluntarily unemployed or underemployed.” This court, noting that the language of Rule 32 is mandatory, has held that when a trial court finds a parent to be voluntarily unemployed or underemployed, it is required to impute income to that parent. T.L.D. v. C.G., 849 *483 So.2d 200, 206 (Ala.Civ.App.2002). The determination of whether a parent paying child support is voluntarily underemployed or unemployed is discretionary with the trial court. Mitchell v. Mitchell, 728 So.2d 1267 (Ala.Civ.App.1998). “A determination that a parent is voluntarily unemployed or underemployed ‘is to be made from the facts presented according to the judicial discretion of the trial court.’ ” Berryhill v. Reeves, 705 So.2d 505, 507 (Ala.Civ.App.1997) (quoting Winfrey v. Winfrey, 602 So.2d 904, 905 (Ala.Civ.App. 1992)). Under Rule 32(B)(5), Ala. R. Jud. Admin.,
“[i]n determining the amount of income to be imputed to a parent who is unemployed or underemployed, the court should determine the employment potential and probable earning level of that parent, based on that parent’s recent work history, education, and occupational qualifications, and on the prevailing job opportunities and earning levels in the community.”
The husband argues on appeal that evidence of his inability to work is undisputed and, therefore, that the trial court erred in finding him to be voluntarily underemployed. However, this court has recognized that the testimony of one witness alone at trial does not eliminate the application of the ore tenus rule. In Smith v. Smith, 887 So.2d 257 (Ala.Civ. App.2003), the mother filed a complaint for divorce seeking, among other things, a divorce from the father and custody of the parties’ child. Following a final hearing at which only the mother testified, the trial court awarded the father and the mother joint legal custody of the child. The mother subsequently appealed.
The mother in Smith argued on appeal that the ore tenus rule did not apply because she had presented the only testimony at the final hearing and, therefore, the facts were undisputed. Smith v. Smith, 887 So.2d at 262. This court disagreed and held that regardless of the fact that the mother was the only witness to testify, the ore tenus rule still applied to this court’s review of the trial court’s judgment. In so holding, we quoted the well-settled rule that “ ‘ “[t]he ore tenus rule is grounded upon the principle that when the trial court hears oral testimony it has an opportunity to evaluate the demeanor and credibility of witnesses.”’” Smith, 887 So.2d at 262 (quoting Ex parte Anonymous, 803 So.2d 542, 546 (Ala.2001), quoting in turn Hall v. Mazzone, 486 So.2d 408, 410 (Ala.1986)). Based on the foregoing well-settled principle of law, this court recognized that the trial court had heard both the mother’s testimony on direct examination and on cross-examination, and it had had the opportunity to evaluate the mother’s credibility and demeanor. 887 So.2d at 262.
In support of his contention that the evidence presented at the final hearing demonstrated that he was not voluntarily underemployed, the husband cites this court’s decision in Tatum v. Carrell, 897 So.2d 313 (Ala.Civ.App.2004), in which we defined “involuntary” as the term is used in Rule 32(b)(5), Ala. R. Jud. Admin., as “ ‘[n]ot voluntary; done or happening without exercise or without co-operation of the will; not done willingly or by choice; independent of volition, unintentional.’ ” 897 So.2d at 324 (quoting VIII The Oxford English Dictionary 56 (2d ed.1989)). Although the evidence presented at the final hearing demonstrates that the husband suffered from some form of mental illness, the evidence did not, as the husband suggests on appeal, demonstrate that his unemployment was involuntary. Instead, the evidence presented demonstrated that the husband had sought employment during the course of the marriage, that the *484 husband had secured employment during the marriage, and that the husband had been capable of maintaining employment during the marriage. The husband presented no evidence refuting the wife’s testimony regarding his employment history. Likewise, the husband, who had undergone at least one mental evaluation before the final hearing, presented no evidence at trial regarding the status of his mental health. The only testimony presented at trial was that of the wife, who, the evidence revealed, was not a mental-healthcare professional. The trial court could have disregarded the wife’s testimony on cross-examination and determined from the evidence presented at the final hearing that the husband was capable of traveling at will and finding employment.
This court is not permitted to reweigh the evidence on appeal and substitute its judgment for that of the trial court. Somers v. McCoy, 777 So.2d 141 (Ala.Civ.App. 2000). Given the presumption in favor of the trial court’s judgment and the trial court’s unique position as the fact-finder, we cannot say that the trial court exceeded its discretion by finding the husband to be voluntarily underemployed. The judgment of the trial court is affirmed.
AFFIRMED.
PITTMAN and THOMAS, JJ., concur.
BRYAN, J., concurs in part and dissents in part, with wilting, which MOORE, J., joins.