BRYAN, Judge.
Harold F. Parker III (“the father”) appeals from a judgment entered in a postdi-vorce proceeding insofar as it denied his request that the Mobile Circuit Court (“the trial court”) modify the judgment divorcing him from Sherri 0. Parker (“the mother”) to require the mother to pay child support. We reverse and remand.
The father and the mother were divorced by a judgment (“the divorce judgment”) entered by the trial court on July 25, 2006. The divorce judgment awarded the father primary physical custody of the parties’ minor child (“the child”) and awarded the mother visitation. The di *583 vorce judgment did not order the mother to pay child support.
On April 13, 2010, the father instituted a postdivorce proceeding requesting that the trial court modify the divorce judgment by, among other things, ordering the mother to pay child support. Following a bench trial at which it received evidence ore ten-us, the trial court, on January 5, 2011, entered a judgment. Although the judgment did not expressly rule on the father’s request for child support, it stated that “any matter not otherwise specifically addressed by this Order shall be deemed denied.” On January 10, 2011, the father challenged the trial court’s failure to modify the divorce judgment to require the mother to pay child support in a Rule 59(e), Ala. R. Civ. P., postjudgment motion. At the hearing on his postjudgment motion, the father argued that he had proved that a material change had occurred in the needs of the child and in the mother’s ability to pay child support since the entry of the divorce judgment and, therefore, that he was entitled to a judgment modifying the divorce judgment to require the mother to pay child support. On February 24, 2011, the trial court entered an order denying the father’s post-judgment motion. The father then timely appealed to this court.
Because the trial court received ore tenus evidence, our review of its judgment is governed by the following principles:
“ ‘ “ ‘[Wjhen a trial court hears ore tenus testimony, its findings on disputed facts are presumed correct and its judgment based on those findings will not be reversed unless the judgment is palpably erroneous or manifestly unjust.’ ” ’ Water Works & Sanitary Sewer Bd. v. Parks, 977 So.2d 440, 443 (Ala.2007) (quoting Fadalla v. Fadalla, 929 So.2d 429, 433 (Ala.2005), quoting in turn Phil-pot v. State, 843 So.2d 122, 125 (Ala.2002)). ‘“The presumption of correctness, however, is rebuttable and may be overcome where there is insufficient evidence presented to the trial court to sustain its judgment.” ’ Wattman v. Rowell, 913 So.2d 1083, 1086 (Ala.2005) (quoting Dennis v. Dobbs, 474 So.2d 77, 79 (Ala.1985)). ‘Additionally, the ore tenus rule does not extend to cloak with a presumption of correctness a trial judge’s conclusions of law or the incorrect application of law to the facts.’ Wattman v. Rowell, 913 So.2d at 1086.”
Retail Developers of Alabama, LLC v. East Gadsden Golf Club, Inc., 985 So.2d 924, 929 (Ala.2007).
The father argues that the trial court erred in denying his request that it modify the divorce judgment to require the mother to pay child support because, he says, he proved that a material change had occurred in the needs of the child and in the mother’s ability to pay child support since the entry of the divorce judgment.
“An award of child support may be modified only upon proof of a material change of circumstances that is substantial and continuing. Browning v. Browning, 626 So.2d 649 (Ala.Civ.App.1993). The parent seeking the modification bears the burden of proof. Cunningham v. Cunningham, 641 So.2d 807 (Ala.Civ.App.1994). Whether circumstances justifying modification of support exist is a matter within the trial court’s discretion. Id. We will not disturb the trial court’s decision on appeal unless there is a showing that the trial court abused that discretion or that the judgment is plainly and palpably wrong. Id.; Douglass v. Douglass, 669 So.2d 928, 930 (Ala.Civ.App.1995).”
Romano v. Romano, 703 So.2d 374, 375 (Ala.Civ.App.1997). “The standard for determining changed circumstances is the in *584 creased needs of the child and the ability of the parent to respond to those needs.” Campbell v. Tolbert, 656 So.2d 828, 829 (Ala.Civ.App.1994).
In Daniels v. Daniels, 4 So.3d 479, 482-83 (Ala.Civ.App.2007), this court stated:
“Under Rule 32(B)(5), Ala. R. Jud. Admin., a trial court ‘shall’ impute income to a parent and calculate his or her child-support obligation based upon that parent’s potential income if ‘the court finds that [the] parent is voluntarily unemployed or underemployed.’ This court, noting that the language of Rule 32 is mandatory, has held that when a trial court finds a parent to be voluntarily unemployed or underemployed, it is required to impute income to that parent. T.L.D. v. C.G., 849 So.2d 200, 206 (Ala.Civ.App.2002). The determination of whether a parent paying child support is voluntarily underemployed or unemployed is discretionary with the trial court. Mitchell v. Mitchell, 723 So.2d 1267 (Ala.Civ.App.1998). ‘A determination that a parent is voluntarily unemployed or underemployed “is to be made from the facts presented according to the judicial discretion of the trial court.” ’ Berryhill v. Reeves, 705 So.2d 505, 507 (Ala.Civ.App.1997) (quoting Winfrey v. Winfrey, 602 So.2d 904, 905 (Ala.Civ.App.1992)). Under Rule 32(B)(5), Ala. R. Jud. Admin.,
‘“[i]n determining the amount of income to be imputed to a parent who is unemployed or underemployed, the court should determine the employment potential and probable earning level of that parent, based on that parent’s recent work history, education, and occupational qualifications, and on the prevailing job opportunities and earning levels in the community.’ ”
In the case now before us, the following facts were established by undisputed evidence. The child was 9 years old when the parties divorced and 13 years old when this postdivorce proceeding was tried. Before the entry of the divorce judgment, the mother and the father had agreed that the mother would not have to pay child support, and the divorce judgment incorporated that agreement. The parties had agreed that the mother would not have to pay child support because she had no job training and had not been employed during the marriage and the father thought that he could support the child without assistance from the mother. Since the parties’ divorce, the cost of supporting the child had increased due to the child’s increase in age from 9 years old to 13. During 2010, the mother worked at a motel for a while, then worked at a convenience store for a while, and finally worked at a gas station for a while. She worked approximately 30 hours per week at each of those jobs. She earned $7.25 per hour at the motel, $7.50 per hour at the convenience store, and $7.25 per hour at the gas station. She voluntarily quit the job at the gas station approximately two weeks before the trial because “the management” used “foul language.” She was actively looking for a job when this proceeding was tried. The mother was living with her parents and was spending approximately $75 per month on cigarettes. She admitted that she could pay some amount of child support instead of smoking. When asked if she was willing to pay child support, the mother’s answer was “[w]hatever the Court allows.”
The evidence regarding the termination of the mother’s jobs at the motel and convenience store was in conflict. The mother testified that she was laid off from those two jobs, whereas the child testified that the mother had told him that she had quit those jobs “because they were being stupid.” However, as noted above, the evidence was undisputed that the mother *585 had voluntarily quit the job at the gas station approximately two weeks before trial because “the management” used “foul language.”
Because the undisputed evidence established that the mother had voluntarily quit her job at the gas station approximately two weeks before trial because “the management” was using “foul language,” we conclude that the undisputed evidence established that the mother was voluntarily unemployed within the meaning of Rule 32(B)(5), Ala. R. Jud. Admin. Consequently, we conclude that the trial court exceeded its discretion in impliedly finding that the mother was not voluntarily unemployed. Moreover, the undisputed evidence established that there had been a material change in the needs of the child since the entry of the divorce judgment. Furthermore, the undisputed evidence established that there had been a material change in the ability of the mother to respond to the child’s needs since the entry of the divorce judgment because, although she had had no job training and had been unemployed during the marriage, the mother had held three jobs during 2010 and had voluntarily quit the last of those jobs approximately two weeks before the trial of this case. Accordingly, we conclude that the trial court exceeded its discretion in denying the father’s request that it modify the divorce judgment to require the mother to pay child support. Accordingly, we reverse the judgment of the trial court and remand the cause for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
THOMPSON, P.J., and PITTMAN, THOMAS, and MOORE, JJ., concur.