316 So.2d 333

**MID–STATE HOMES, INC., and
G. Floyd Philpot**

v.

**James CONE and Rose E. Cone.**

**SC 1098.**

Supreme Court of Alabama.

July 31, 1975.

R. A. Norred, Birmingham, for appellants.

BLOODWORTH, Justice.

This is an appeal by Mid-State Homes (the seller) from a final decree rescinding and declaring void a real estate sales contract, relieving the Cones (the buyers) from any further liability for the unpaid balance on the contract, and rendering a $6,395.54 money judgment in the Cones' favor.

Mid-State Homes contends that the trial court erred in rendering this decree because the proof failed to support the allegations of the complaint which sought recision *solely* on grounds of the alleged fraud of respondent Philpot, as agent for Mid-State Homes. We agree and reverse and remand.

The trial judge heard the testimony *ore tenus* on October 7, 1971, after which it appears the cause was submitted. (July 3, 1973, was the effective date of the Alabama Rules of Civil Procedure. We thus consider Mid-State's contentions without regard to A.R.C.P.) The case was resubmitted on May 1, 1974, and final decree rendered July 12, 1974. (The final decree recites that the delay in rendering the decree was caused by the lengthy illness of the trial judge.)

We have carefully read the transcipt of the record and at no point do we find any evidence to support the allegations of fraud on the part of Philpot, which are the *sole* grounds averred for relief. These allegations are:

"4. Complainants aver that the Respondent, G. FLOYD PHILPOT, acting

as agent, servant or employee of MID-STATE HOMES, INCORPORATED, did fraudulently represent to Complainants that the said residence subject of the sales contract did conform to the description as contained in the Agreement for Deed and the sales contract as afore-mentioned. Respondent knew or should have known that the said property did not conform to the description as herein described.

"5. That Complainants relying on said representation made by the Respondents executed the sales contract as buyer, the MID-STATE HOMES, INCORPORATED as seller and G. FLOYD PHILPOT as witness to the signatures."

It has long been the rule of our cases that the *allegata* and *probata* must correspond and if the proof does not correspond with the bill's allegations, there can be no recovery. Equity ☞327, Ala.Dig., Vol. 8A.

However, when Mid-State Homes executed the contract to sell the subject property (a house and lot) to the Cones, it had no record title thereto, although it had foreclosed a mortgage on the property and purchased the property at the foreclosure sale. The mortgage had been executed to Jim Walter Corporation (parent company of Mid-State). During the trial, an assignment of the mortgage from Jim Walter to Mid-State (purportedly executed before foreclosure) was recorded. After the Cones had taken possession of the property, it also developed that other parties claimed title to a portion thereof.

Even appellant in brief concedes:

"We recognize that *there was undenied proof that there was a complete failure of title to a portion* of the yard of the property Appellant contracted to convey to the Appellees. That, upon remandment, the Appellees may have some remedy for a diminution in the purchase price for a partial failure of consideration or in the form of relief for the breach of an implied warranty as to a part of the parcel to be conveyed * * *."

\* \* \* \* \* \*

"Since there is a complete absence of title as to a portion of the property involved, Appellant has no doubt but that *Appellees could prevail in an action based either on* the theory that there has been a *partial failure of consideration, or for breach of an implied warranty*." [Our emphasis.]

Mid-State also raises the additional issue that the trial judge's award to the Cones' of the return of their money is erroneous because, although they disaffirmed the contract, they remained in possession of the land. We see no need to consider this issue in view of our reversal on other grounds.

For the error in rendering the final decree based upon allegations in the bill of complaint which are unsupported by the evidence, this cause is reversed and remanded.

Reversed and remanded.

HEFLIN, C. J., and FAULKNER, ALMON and EMBRY, JJ., concur.