BRADLEY, Judge.
This is an appeal by Southeastern Properties, Inc. and its agent Harold Johnson (appellants) from judgments rendered in favor of Barry and Dale Kraselsky, and William and Lucy Lee (appellees). Initially, appel-lees filed a complaint against appellants alleging in two separate counts that the latter made certain fraudulent misrepresentations to the appellees during negotiations between the parties and that the appellees’ reliance on these representations resulted in the purchase of residential lots by the ap-pellees from the appellants. A trial was held in the Circuit Court of Houston County with the trial judge sitting as trier of fact. After the presentation of evidence by all parties, the trial judge found the appellants liable for fraudulent misrepresentations and rendered a judgment in the amount of $4,000 in favor of William and Lucy Lee on one count of appellees’ complaint and a judgment, also in the amount of $4,000, in favor of Barry and Dale Kraselsky on another count of appellees’ complaint. From these judgments and the trial court’s denial of appellants’ motion for a rehearing, appellants bring this appeal.
The record before this court indicates that during the summer of 1974, the appel-lees, the Lees and the Kraselskys, purchased from the appellants residential lots located in the Quail Creek subdivision of Dothan, Alabama. Evidence was presented at trial that during the negotiations preceding the sale of this property appellant-Harold Johnson (while representing appellant-Southeastern Properties, Inc.) promised the ap-pellees that steps would be taken to make a small pond which was located near the ap-pellees’ adjoining lots “attractive, sanitary, clean and safe.” Evidence was further adduced that the appellees purchased the property in reliance on this promise. However, the testimony was in conflict as to whether the pond and the area around it had subsequently been made “attractive, sanitary, clean and safe” by the appellants. Witnesses testifying in behalf of the appellants stated that it was their opinion that the pond was sanitary and safe. On the other hand, witnesses who testified in favor of the appellees contended that the pond was dangerous, filthy and a health hazard. On the basis of this and other testimony the trial court apparently concluded that the appellants had promised to alter the conditions existing in and about the pond at the time the appellees had purchased their lots and that the appellants had no intention of performing the promised act when they made it. Consequently, the trial court found appellants liable for fraudulent misrepresentation.
Appellants argue that the trial court erred in rendering this judgment because the evidence offered at trial failed to support the allegations of appellees that appellants made a fraudulent misrepresentation regarding a future event. We agree.
The trial transcript demonstrates that several months after the property was sold *286 to appellees, appellants employed a construction company to work on the pond located in Quail Creek subdivision. Frank Conway, who was the construction supervisor in charge of performing the work contracted for, testified that he purchased and installed a drainage pipe for the pond; rebuilt a drain structure and constructed an inlet and gate which permitted the height of the water in the pond to be regulated; graded and sloped the embankment around the pond and planted grass along the embankment. Moreover, he stated he felt that he had done “first class” work. Appellant-Harold Johnson also testified that he had had the area around the pond cleaned up, graded and seeded. In addition, Johnson stated that a spillway had been installed with a gate through which water could be released and that approximately $12,000 was spent in altering the conditions in and about the pond. Appellees did not dispute that this work had been done, contending instead that the labor performed had failed to put the pond in the safe and sanitary condition which appellants had originally promised.
Despite these facts, the trial judge apparently concluded that the appellants had represented to the appellees that the pond in question would be made “attractive, sanitary, clean and safe” and that the appellants made this promise with no intention of fulfilling it. However, we have carefully examined the record and do not find sufficient evidence to support the allegations of fraud on the part of appellants. And fraud was the sole ground on which appellees’ cause of action was premised.[1] In instances where the proof at trial fails to support the allegations of fraud on which a suit is based, the judgment rendered cannot be upheld on appeal. Mid-State Homes, Inc. v. Cone, 294 Ala. 310, 316 So.2d 333 (1975). Consequently, we reverse and remand.
It may be stated as a general proposition that a complaining party may recover damages for a misrepresentation in situations involving a promise to perform a future act when: (1) the misrepresentation relates to a material fact; (2) the misrepresentation was fraudulently or intentionally made; and (3) the complaining party acts on the misrepresentation to his detriment. See Jackson Co. v. Faulkner, 55 Ala.App. 354, 315 So.2d 591 (1975). However, it is necessary for the complaining party to demonstrate the existence of all three of the aforementioned elements before he is entitled to a judgment in his favor on the grounds of a fraudulent misrepresentation. In the present case element (2) — fraudulent intent — was missing.
Ordinarily, the failure to perform a promise cannot be made the basis for actionable fraud. Shepherd v. Kendrick, 236 Ala. 289, 181 So. 782 (1938). Nonetheless, if the circumstances of a particular case show that the party who made the promise did so with fraudulent intent at the time the promise was made and the promise was made in order to deceive the other party or induce him to act, then a civil action for fraud exists. Nelson v. Darling Shop of Birmingham, Inc., 275 Ala. 598, 157 So.2d 23 (1963); Shepherd v. Kendrick, supra. And while the subsequent failure of a party to perform his promise by itself is not sufficient evidence to demonstrate a fraudulent intent not to perform at the time the promise or contract was made, Walker v. Woodall, 288 Ala. 510, 262 So.2d 756 (1972), evidence that a party actually attempted to perform or “make good” his promise may, in circumstances where there is no indication that the performance was in bad faith or a sham or the result of demands by the complaining party or in other appropriate instances, defeat an allegation that when the party made the promise he did so without any intention of keeping it. See Hubert v. May, 292 F.2d 239 (7th Cir. 1961).
The latter situation is what occurred in the present case. There was no evidence that appellees had to demand performance by appellants before the latter undertook *287 the work which was done on the pond subsequent to appellant-Johnson’s promise to the appellees. On the other hand, there was evidence that appellants endeavored to have the pond and the area immediately surrounding it made “attractive, sanitary, clean and safe.” However, after a substantial amount of work had been done toward this goal, appellees were not satisfied. And perhaps their dissatisfaction was justified. In fact, in the summer of 1976, the mayor of Dothan (who also deals in real estate) observed a snake near the pond and thereafter telephoned appellant-Johnson to ask if the latter planned to do anything about the pond. Johnson informed the mayor that he was not going to do a “damn” thing about the pond. Nonetheless, labor had been performed by appellants almost two years earlier in an effort to fulfill the representations which had been made to appellees in regard to the pond and its surrounding area. And there is nothing in the record to demonstrate that appellants’ efforts were in bad faith. Moreover, appellant-Johnson did not promise appellees that having once placed the pond in what he thought to be an attractive and sanitary condition, he would then undertake to maintain the pond in that condition for an indefinite period of time. Indeed, the entire record in this case demonstrates that the parties involved in this dispute did not agree on what steps were necessary to satisfy the appellees that the area in and about the pond was “attractive, sanitary, clean and safe.”
While this court is always reluctant to substitute its own judgment for that of a trial court which has heard the evidence ore tenus, it is nevertheless our duty to reverse the trial court when the evidence presented at trial fails to support the trial court’s judgment. Such is the case when, as here, the proof offered at trial fails to correspond substantially with the allegations in a complaint. We believe that sufficient evidence was adduced by appellants to defeat appel-lees’ charge of a fraudulent misrepresentation; specifically, there was not sufficient evidence to the effect that when appellant-Harold Johnson promised to make the pond “attractive, sanitary, clean and safe” he did so with the fraudulent intent to deceive.
For the error in rendering the judgment based upon the allegations in the appellees’ complaint which are unsupported by the evidence, this case is reversed and remanded.
REVERSED AND REMANDED.
WRIGHT, P. J., concurs.
HOLMES, J., dissents.

. Additional counts in appellees’ complaint sought a permanent injunction against the appellants. These counts, however, were dismissed by the trial court.