Petitioners, William L. Lee, III, Lucy Stuart Lee, Barry Richard Kraselsky and Dale M. Kraselsky, filed this action against respondents, Southeastern Properties, Inc. and Harold Johnson. The case was tried without a jury and submitted on two counts complaining of a fraudulent misrepresentation made to petitioners during negotiations for the purchase of lots for construction of homes thereon. The representation was that a pond located near plaintiffs' homesites would be made
"attractive, sanitary, clean and safe." Judgment was entered in behalf of the Lees on one count of the complaint for the sum of $4000; in behalf of the Kraselskys on another count for the same sum.
Respondents appealed to the Court of Civil Appeals which reversed on the theory that the proof failed to support the allegations of fraud and Mid-State Homes, Inc. v. Cone,294 Ala. 310, 316 So.2d 333 (1975), required reversal.
The issue is whether there was evidence of a fraudulent intent not to perform at the time the promise to do something in the future was made.
Southeastern Properties and Johnson contend the evidence showed there was a degree of performance of the acts promised, therefore, there could be no fraudulent intent at the time the promise was made. A majority of the Court of Civil Appeals, agreed on the basis that, under the circumstances *Page 289 
shown by the evidence, there was no indication of bad faith, or sham, absent which there could be no fraudulent intent when the promise was made, citing Hubert v. May, 292 F.2d 239 (7th Cir. 1961).
We disagree.
Proof of fraudulent intent is required in cases where the fraud concerns misrepresentations concerning future events.Birmingham Broadcasting Co. v. Bell, 259 Ala. 656, 68 So.2d 314
(1953); Ellis v. Zuck, 409 F. Supp. 1151 (N.D.Ala. 1976), aff'd546 F.2d 643 (5th Cir. 1977). But such intent is a matter peculiarly within the province of the trier of facts; in this case the trial court. See Walker v. Woodall, 288 Ala. 510,262 So.2d 756 (1972).
Although respondents presented evidence to show they had attempted to clean up the pond, this does not conclusively prove an absence of intent to deceive. William Lee and Barry Kraselsky both testified that Harold Johnson told them he would make the pond safe, clean and attractive if they purchased the lots. Both men testified that they relied on Johnson's representation in buying their respective lots. James W. Grant, the mayor of Dothan, testified that when he called Johnson and asked him what he was going to do about the pond, Johnson replied "not a damn thing." Further testimony indicated the pond was never put into the promised condition.
We hold the trial court could reasonably infer from these facts that an intent to deceive was present. The court's judgment, based upon credible evidence taken ore tenus, cannot be said to be clearly erroneous or manifestly unjust. SeeEnglish v. Brantley, 361 So.2d 549 (Ala. 1978). The judgment of the Court of Civil Appeals must, therefore, be reversed and the case remanded to that court for decision not inconsistent with this opinion.
REVERSED AND REMANDED.
TORBERT, C.J., and BLOODWORTH, MADDOX, FAULKNER, JONES, ALMON, SHORES and BEATTY, JJ., concur.