In May of 1978, Appellant Cougar Mining Company procured the services of Appellee Mineral Land and Mining Consultants, Inc. (MLMC), to perform drilling operations upon land on which Cougar Mining Company was mining coal. All such operations were performed solely by individuals employed by MLMC, and continued from May until September or October of 1978.
Sometime in August of 1978, Cougar Mining began questioning the legitimacy of MLMC's billing procedures. Cougar's specific contentions were that the invoices and drill logs of MLMC, from which Cougar was billed, did not accurately depict those services actually rendered by MLMC. Thereafter, Cougar withheld payment of all further MLMC invoice charges.
On December 6, 1978, a complaint was filed by MLMC in the Circuit Court of Winston County, Alabama, demanding judgment for MLMC as to its claims for payment against Cougar Mining. The case was tried to the court on June 25, 1979, at which time both parties stipulated that the amount claimed by MLMC from Cougar Mining was $12,915. On September 13, 1979, the Circuit Court entered a judgment for MLMC against Cougar Mining Company in the amount of $12,915. Cougar Mining Company's motion for post-judgment relief was denied on April 3, 1980. We remand with instructions.
We note at the outset that Appellant's only contention on this appeal is that the evidence adduced before the trial court was insufficient to support its judgment in favor of MLMC for the full amount claimed. Where evidence has been taken oretenus, a presumption of correctness attends the trial court's conclusion on issues *Page 1178 
of fact, and this Court will not disturb the trial court's conclusions unless clearly erroneous and against the great weight of the evidence, but will affirm the judgment if, under any reasonable aspect, it is supported by credible evidence.Raidt v. Crane, 342 So.2d 358 (Ala. 1977); Adams Supply Co. v.United States Fidelity Guaranty Co., 269 Ala. 171, 176,111 So.2d 906 (1959).
However, this presumption of correctness is rebuttable and may be overcome by the lack of evidence or where the evidence presented to the trial court is insufficient to sustain its judgment. Southeastern Properties, Inc. v. Lee, 368 So.2d 284
(Ala. 1978). Unquestionably, the evidence of record adequately supports a judgment in favor of MLMC; we do question, however, whether the amount of the judgment is amply supported by the evidence. For example, our close reading of the record shows that while one employee of MLMC admitted charging Appellant for "travel time" in computing the total amount billed, another MLMC employee categorically stated that Appellant was nevercharged for "travel time." It appears that travel time is listed in the invoices and constitutes an item "charged" in arriving at the sum of $12,915.
At one point, Appellee's invoice showed an actual drill time of three and one-half (3 1/2) hours for a certain period. However, Appellant was billed for a total of six (6) hours during that same period (and not the four (4) hour minimum as per their agreement). Appellee's explanation at trial, which is conclusory at best, was that the added hours represented time spent "waiting on Appellant."
Close scrutiny of Appellee's invoices reveals charges for "drilling time" on different occasions of seven and one-half (7 1/2) hours and eight (8) hours. While this in itself cannot be deemed out of the ordinary, Appellee's position that this represented continuous, uninterrupted work of one individual, whose total work day consists of one eight (8) hour shift, causes us to reflect upon such a statement with more than a casual glance.
While we are reluctant to reverse a judgment based on an oretenus hearing, particularly where, as here, the evidence supports a substantial portion of the total amount claimed and awarded, the noted various discrepancies, along with the vagueness of certain of the evidence of record, are of a sufficient character to prevent us from affording propriety to the trial court's judgment as presently postured.
Because the evidence of record does not support one or more of the items of charges encompassed in the judgment, we are left with no alternative but to reverse the judgment and remand the cause for a new trial.
REVERSED AND REMANDED.
TORBERT, C.J., and MADDOX, SHORES and BEATTY, JJ., concur.