HOLMES, Judge.
Plaintiff sued the defendant. A summary judgment was granted in favor of the plaintiff. The defendant appeals and we affirm.
Defendant was hospitalized at the Bessemer Carraway Medical Center, Inc., between May 19, 1976, and June 19, 1976. It is undisputed from the record before this court that he incurred charges in the amount of $5,303.90. When the bill was not paid on December 11, 1977, the plaintiff hospital filed the suit which is the basis of this appeal. Suit was for “$5,303.90 due by note” plus interest and reasonable attorney fees.
The complicated procedural history of this case need not be detailed as the instant appeal is concerned only with the May 11, 1979, summary judgment entered against defendant. Defendant, through able counsel, contends that this judgment should be overturned as the proof offered on the summary judgment motion varied fatally from the allegations of the complaint. In support of this argument, defendant cites Mid-State Homes, Inc. v. Cone, 294 Ala. 310, 316 *706 So.2d 333 (1975); and W.B. Davis Hosiery Mill, Inc. v. Word Lumber Co., 49 Ala.App. 492, 273 So.2d 469 (1972), cert. denied, 290 Ala. 372, 273 So.2d 474 (1973). The “fatal variance” upon which defendant relies is the following: the complaint urges that the indebtedness is “due by note” whereas the proof offered on the summary judgment, to wit, a supporting affidavit, established that the indebtedness was based not on a note but instead on an open account.
Plaintiff opposes, citing Alabama Rule of Civil Procedure 15(b), and urging this court to find that because defendant has never before objected to the open account evidence presented on the summary judgment motion the pleadings were by operation of rule 15(b) automatically amended to conform to the evidence. See, e.g., Haynie v. Byrd, 429 So.2d 973 (Ala.1983);. Bischoff v. Thomasson, 400 So.2d 359 (Ala.1981).
After having reviewed the record in this case this court must adopt plaintiff’s argument and find that the “fatal variance” between the complaint and the proof was waived by defendant’s failure to object to the proof offered on the summary judgment motion, and, further, that by operation of A.R.Civ.P. 15(b) the complaint was amended to support an action on an open account. The facts of this case establish that plaintiff’s motion for summary judgment with supporting affidavit proffering the amount was due by open account was filed on December 5, 1978, that the motion was heard — with defendant’s counsel present — on April 27, 1979, and that summary judgment was rendered on May 11, 1979. At no time does the record reveal defendant objected to evidence of the open account debt, nor offered evidence to the contrary. This total failure to object to the open account issue injected by plaintiff’s motion, especially in light of the response obligation imposed by A.R.Civ.P. 56(e), see Donald v. City National Bank, 295 Ala. 320, 329 So.2d 92 (1976), supports plaintiff’s contention that rule 15(b) should apply. Although defendant later filed a motion to set aside the summary judgment, that motion cited other grounds and made no mention of the variance here relied upon. Under these circumstances, this court has no option but to hold the variance, if there in fact be one, to be in effect waived. See, e.g., Johnston v. U-Haul of Southern Alabama, Inc., 357 So.2d 665, 666 (Ala.Civ.App.1978); McDuffie v. Hooper, 294 Ala. 293, 315 So.2d 573, 575-76 (1975).
We further note that, as indicated above, the plaintiff filed a supporting affidavit to the effect that the amount claimed was in fact owed by the defendant to the plaintiff. The defendant in response to the plaintiff’s evidence offered no evidence to the contrary. As the Supreme Court of Alabama stated in Hart v. General Motors Acceptance Corporation, 437 So.2d 1255 (Ala.1983): “ ‘When no evidence is offered to contradict that presented by the movant, then the court has no alternative but to consider the evidence uncontroverted and summary judgment, if warranted by such evidence, may be entered against the non-moving party.’ ...”
This case is due to be affirmed.
AFFIRMED.
WRIGHT, P.J., and .BRADLEY, J., concur.