PER CURIAM.
This is an appeal from a summary judgment entered in favor of Larry P. Sutley on a claim filed by Carlos J. Subel and Sara F. Subel (Carlos’s mother), wherein the Subels alleged fraud and misrepresentation on the part of Sutley, a lawyer, with regard to Sutley’s representing Mr. Subel in a criminal trial. We affirm.
The Subels contend that Sutley was hired to represent Mr. Subel in a criminal trial in exchange for two lots in Baldwin County. They allege that Sutley represented to them that “no matter what the outcome, [he] would fight like hell.” The Subels claim, however, that when the trial ended in a mistrial as a result of a hung jury, Sutley informed Mr. Subel that he needed further payment in order to continue as his attorney. The Subels alleged that they had no other assets and were unable to meet Sutley’s demands. The record indicates that Mr. Subel thereafter requested that Sutley be appointed as his attorney and succeeded in obtaining the appointment. During the second trial, however, Sutley contends, despite his advice, Mr. Subel filed motions in his own behalf. Sutley states that he warned Mr. Subel that, should he continue to file pro se motions, then he would withdraw as Mr. Subel's attorney. Sutley says that Mr. Subel did not cease his pro se activities, and that he subsequently withdrew. Another attorney was thereafter appointed for Mr. Subel, and Mr. Su-bel was convicted in the second trial.
The Subels argue that the following excerpt from a letter written to Mr. Subel by Sutley evidences that Sutley intended to follow his case to the very end:
“Dear Jack:
“I have talked with your mother again and after a lot of thought and contemplation I have decided to take your case. It’s not a guarantee that you are going to win but we are going to put up one hell of a fight no matter what the outcome.”
While we sympathize with the Subels' predicament, we cannot, from this letter, ascertain that there was a promise on the part of Sutley to represent Mr. Subel through every phase of his trial without further remuneration. Simply stated, the letter merely indicates that Sutley would do his very best for Mr. Subel, despite the fact that the eventual outcome of the trial might not be favorable.
This Court has written the following concerning fraud actions:
“An essential element in a claim for fraud is that the alleged misrepresentations must have been made with an intent to deceive. Bowman v. McElrath Poultry Co., 468 So.2d 879 (Ala.1985); Southeastern Properties, Inc. v. Lee, 368 So.2d 288 (Ala.1979).”
Hodges v. Pittman, 530 So.2d 817, 818 (Ala.1988).
The Subels failed to offer any proof of Sutley’s intent to defraud them and, further, they have failed to show how they have been damaged in any way. Although the Subels claim that if Sutley had remained as Mr. Subel’s attorney, then he would not have been convicted, that claim is merely speculation on their part.
For the foregoing reasons, the judgment is due to be, and it hereby is, affirmed.
AFFIRMED.
*614 HORNSBY, C.J., and MADDOX, ALMON, ADAMS and STEAGALL, JJ„ concur.