ON APPLICATION FOR REHEARING
SHORES, Justice.
The opinion of May 31, 1991, is withdrawn and the following is substituted therefor.
*520 This is the second time this case has come before this Court. See Boles v. Autery, 554 So.2d 959 (Ala.1989). The controversy concerns whether a road is private or public. In the first appeal, we reversed and remanded on the third-party complaint alleging breach of contract, because Autau-ga County, a necessary party, had not been joined in the action. On remand, the trial court again found that the road was a private road. We affirm.
On December 6, 1984, James and Willene Autery, Cecil and Barbara Buford, and William and Myrtle Pace (hereinafter “landowners”) filed an action against Levi and Ella Welch and Alabama Sports Society, Inc. (hereinafter “buyers”). The landowners allege that the buyers were allowing people to hunt on their property and were wrongfully using the landowners’ private road. On July 8, 1985, the buyers filed a third-party complaint against Aro-nov Realty Company, Traywick Dickson, and Kenneth and Hazel Boles (hereinafter “sellers”). The third-party complaint alleged that the sellers had breached a contract with the buyers to “convey proper access” to the property, because the sellers had allegedly represented that a road providing access to the property was a public road when, in fact, the road was private.
The sellers filed a counterclaim against the buyers, seeking to recover $25,000 in insurance proceeds and punitive damages. The sellers allege that, based upon their purchase money mortgage requiring the buyers to maintain fire insurance, they are entitled to the insurance proceeds paid by the insurance company to the buyers as a result of a fire that destroyed the house.
The trial court held separate trials on the original complaint, the third-party complaint, and the counterclaim. After conducting a hearing, the court held on September 21, 1987, that the road was private, and awarded the landowners nominal damages. The court tried the allegations asserted in the third-party complaint and counterclaim; however, Aronov Realty and Dickson had already reached a settlement of the case. On August 22, 1988, the trial court:
1. Found in the buyers’ favor on their “breach of contract claim regarding the road” and assessed damages against the sellers in the amount of $31,000, but provided that this amount would be reduced by the amount of the pro tanto settlement with Aronov and Dickson;
2. Found in the buyers’ favor on the sellers’ counterclaim for the $25,000 proceeds, but provided that “in the event that Welch [buyer] does not pay Boles [seller] the amount due under the mortgage on the subject property, Boles shall be paid $25,000, said sum representing insurance proceeds.... ”
The sellers appealed. The sellers argued that the judgment should be reversed because, they say, under Rule 19, A.R.Civ.P., Autauga County should have been, but was not, joined as a party. The sellers argued that because the breach of contract claim depended upon the court’s determination of whether the road was public or private, the court’s holding should be reversed until Autauga County was joined.
On the first appeal, on December 22, 1989, we held:
“Autauga County should have been joined as a party to the action determining whether the road was a public road. Because Autauga County was not joined as a party, and because the trial court’s determination that the road was private was made a basis for the trial court’s award of damages in the buyers’ breach of contract action against the sellers, the judgment is due to be reversed as to the buyers’ breach of contract action, and the cause remanded.
[[Image here]]
“... The sellers have shown nothing that constitutes reversible error in relation to their counterclaim and, accordingly, the judgment is due to be affirmed as to the Boleses’ counterclaim.”
554 So.2d at 962.
On October 17, 1990, on remand concerning the breach of contract claim, the trial court found in favor of the buyers. The court held that the road was private and that the sellers should pay the buyers $23,-500 in damages. By order dated February *521 19,1991, the trial court awarded the sellers accumulated interest on the note secured by the mortgage, in the amount of $1,499.70.[1] The sellers appeal. The sellers argue that the trial court erred because, they say, based upon our earlier reversal and remand, they were entitled to a new trial with a jury. The sellers also argue that the trial court erred in computing the damages and in refusing to allow them to file a cross-claim against Aronov and Dickson.
We agree with the trial court that the sellers are not entitled to a new trial.
“Where the cause is reversed for error merely in nonjoinder of parties, and the only effect of the failure to make those persons parties is that they are not bound by the judgment, the court may direct that on their being made parties, and their election under proper pleading or stipulation to be bound by the findings and conclusions of the former trial, judgment shall be entered on the findings and and conclusions without further trial....”
5 Am.Jur.2d Appeal & Error, § 970 (1962). As we stated on the first appeal, the judgment on the breach of contract claim was reversed and the cause was remanded because it was necessary to join Autauga County as a party to the action. Because the issue in this case is whether the road is public, the judgment concerns the County and would be binding upon the County only if it was a party to the action. In the interest of judicial economy, we remanded the case so that the trial court’s judgment would resolve all interested parties’ concerns in regard to the disputed road.
The sellers had the opportunity to present evidence in the initial trial. Once Autauga County was joined, the County responded that it did not have an interest in the road and requested that the trial court proceed without further notice to the County. Because it is not argued that there was any new evidence that the trial court did not consider, the sellers are not entitled to a second trial on the merits.
The sellers argue that the trial court erred when it assessed $23,500 in damages against the sellers. The order of the trial court states that the court considered the following items when assessing damages: (1) a letter dated January 19, 1980, from Aronov to Welch, (2) a copy of the sales contract, and (3) a map showing the road that was allegedly represented as being a county road.
“This case was heard by the trial court sitting without a jury. Where evidence is presented to the trial court ore terms, a presumption of correctness exists as to the court’s conclusions on issues of fact; its determination will not be disturbed unless clearly erroneous, without supporting evidence, manifestly unjust, or against the great weight of the evidence.”
Gaston v. Ames, 514 So.2d 877, 878 (Ala. 1987); Cougar Mining Co. v. Mineral Land & Mining Consultants, Inc., 392 So.2d 1177 (Ala.1981). We find no error by the trial court; therefore, this Court will not disturb the trial court’s determination of damages based upon these facts.
The sellers’ final argument concerns whether the denial of their motion to permit the filing of a cross-claim against Aro-nov and Dickson, filed July 16, 1990, is appealable. The trial court effectively ruled on the motion in an order dated October 17,1990, which states in pertinent part:
“[Sjince third-party defendants, Aronov Realty Company and Traywick [Dickson] previously entered into a Pro Tanto settlement with third-party plaintiffs, Levi B. Welch and Ella L. Welch and the Court being made aware that third-party defendants Aronov and [Dickson] have paid to the Welches the sum of seventy five hundred dollars ($7,500.00), Aronov Realty Company and Traywick [Dickson] are hereby dismissed as third-party defendants in this case.” (Emphasis added.)
*522 We agree that, having settled with the buyers, Dickson and Aronov should be dismissed from the action.
Therefore, the judgment of the trial court is affirmed.
ORIGINAL OPINION WITHDRAWN; OPINION SUBSTITUTED; APPLICATION OVERRULED; AFFIRMED.
HORNSBY, C.J., and MADDOX, HOUSTON and KENNEDY, JJ., concur.

. The buyers did not challenge the validity of this order in the trial court; however, on appeal they contend that the trial court had no authority to enter it. This issue is not before us, because it was not timely raised.