BEATTY, Retired Justice.
In October 1995, a motor vehicle operated by Angela Rambo struck the rear bumper of a motor vehicle operated by Cynthia Moody. Ella M. Parker was a passenger in the Moody vehicle.
In August 1996, Moody and Parker filed separate complaints for damages against Rambo. Moody and Parker alleged that Rambo negligently and/or wantonly caused the accident and that the accident resulted in injuries to Moody and Parker. Moody and Parker each requested a jury trial. Moody and Parker were represented by the same attorney and the wording of their complaints was the same, except for the names of the plaintiffs.
In August 1996, Rambo filed answers denying the allegations of the complaints. In her answer to the Moody complaint, Rambo alleged contributory negligence on the part of Moody.
The ease of Parker v. Rambo came to trial first, and on November 19, 1997, a jury returned a verdict in favor of Rambo. The verdict was a general verdict which stated, “We the jury find in favor of [Rambo].” On that same date, a judgment was entered on the verdict.
In January 1998, after the time had expired for Parker to appeal, Rambo moved the trial court to dismiss all claims brought by Moody against Rambo. In her motion, Rambo stated that during the Parker trial Moody had testified on behalf of Parker and that Rambo had defended on the basis that the Moody vehicle had begun moving under a green light, but then had stopped suddenly and without warning. Rambo contended that in light of the jury verdict and the judgment in the Parker case, Moody was “completely barred from continuing her suit based on the principles of res judicata and/or collateral estoppel.” Rambo argues that the Parker case and the Moody case arose out of the same transaction of events and are the same cause of action with the same issue — whether Rambo’s actions on the date of the accident were negligent and/or wanton — and that that issue was conclusively adjudicated in the Parker trial.
In opposition, Moody contended that the doctrine of res judicata and collateral estop-pel did not apply, because, she maintained, the parties in the two cases were different and Moody’s rights were not adequately represented in the Parker case. Moody pointed out that the jury’s verdict was a general verdict and that no special interrogatories were propounded to the jury. Moody argued that in light of the general verdict one cannot be certain that the jury, in fact, found that Rambo had not acted negligently or wantonly.
After a hearing, the trial court held that Moody’s claim was barred by the doctrine of res judicata and was, thus, due to be dismissed.
Moody appealed to the Alabama Supreme Court, which transferred the case to this court pursuant to § 12-2-7(6), Ala.Code 1975.
First, Moody contends that the trial court should not have considered Rambo’s argument that Moody’s claim against Rambo was barred by the doctrine of res judicata. Moody argues that Rambo failed to raise the affirmative defense of res judicata in her pleadings, However, when Rambo filed her answer in August 1996, the doctrine of res judicata was not an issue, because the Parker case had not been tried and a verdict returned in favor of Rambo.
Moody did not object to Rambo’s raising the res judicata defense in Rambo’s motion to dismiss Moody’s claims. We note that Moody’s argument that the trial court improperly considered the res judicata defense is made for the first time on appeal. In light of the fact, that Moody failed to timely object to Rambo’s assertion of the res judicata defense, Rambo’s answer shall be *118 deemed amended to include the affirmative defense of res judicata. See Langston v. Bessemer Carraway Medical Center, Inc., 439 So.2d 705 (Ala.Civ.App.1983); Rule 15(b), Ala. R. Civ. P. Consequently, we conclude that the trial court properly considered the res judicata defense.
Second, Moody contends that even if the trial court properly considered the res judicata defense, the trial court erred when it determined that Moody’s claim was barred by the doctrine of res judicata and, thus, due to be dismissed. Moody argues that the jury’s verdict in favor of Rambo in the Parker case provides no basis for a res judicata defense because, she asserts, in light of the general verdict one cannot be certain that the jury, in fact, found that Rambo had not acted negligently or wantonly.
We agree. As our supreme court stated in Roberts v. Public Cemetery of Cullman, 569 So.2d 369, 371 (Ala.1990), “A claim alleging negligence involves more than proof of negligence (which is made up of the elements of duty and breach of that duty); it also requires proof of the elements of proximate cause and injury.”
In the Parker ease, the jury returned a general verdict. Thus, we cannot be certain that in the Parker case the jury found in favor of Rambo on a finding that Rambo did not act negligently or wantonly; the jury may have returned the verdict in favor of Rambo on a finding that Parker did not suffer a compensable injury as a result of the October 1995 accident. See Sizemore v. Patel, 702 So.2d 172 (Ala.Civ.App.1997).
The judgment of the trial court must be reversed and this cause remanded for proceedings consistent with this opinion.
The foregoing opinion was prepared by Sam A. Beatty, Retired Justice, Supreme Court of Alabama, while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Ala.Code 1975.
REVERSED AND REMANDED.
ROBERTSON, P.J., and YATES, MONROE, and THOMPSON, JJ., concur.
CRAWLEY, J., concurs specially.