STUART, Justice.
Larry Franklin Butler, individually and as executor of the Estate of Elizabeth S. Butler, appeals the judgment of the El-more Circuit Court declaring void the will of Elizabeth S. Butler executed on October 8, 2012, and setting aside the Elmore Probate Court’s admission of that will to probate.

Facts and Procedural History

Ned N. Butler,- Sr. (“Ned”), and Elizabeth S. Butler (“Betty”) -were married-' and had three children, Ned N. Butler, Jr. (“Ned Jr.”), Steve Butler, and Michael Robin Butler (“Robin”). Ned Jr. had three children: Angela Butler Miller, Ned N. Butler III, and Hayden Reid Butler (hereinafter referred to collectively as “Ned Jr.’s children”). Steve had three children: Michael Steven Butler, Elizabeth Virginia Butler, and Kami Britton Butler. Robin had three children: Larry Franklin Butler, Matthew Butler, and Cody Butler.
In July 2008, after numerous discussions about their estate, Ned and Betty executed a document entitled The Butler Family Trust, a joint revocable living trust that *714 contained provisions for the well being of themselves, - their children,- and their grandchildren. Specifically, the trust provided for the distribution of assets while Ned and Betty were -alive, for when one spouse survived the other, and for when both spouses were deceased. Article 4, § 1(d), which is entitled “Amend or Revoke the Trust,” provided:
“We [Ned and Betty] shall have the absolute right to amend or revoke our trust, in whole or in part, at any time. Any amendment or revocation must be in writing, signed by both of us, and delivered to our Trustee.
“This right to amend or revoke is personal to us and may not be exercised by a legal representative of either of us. After the death of one of us, this agreement shall not be subject to amendment or revocation.”
- On that same day, Ned and Betty executed wills identical in all material respects that provided that their assets pour over into The Butler Family Trust at their deaths. The 'wills of Ned and Betty are referenced in Article 18, § 8(g), of The Butler Family Trust:
“We are executing our wills at or about the same time, but even though our wills are similar, they are not intended to be, and shall not be construed to be, contractual or reciprocal.”
In September 2011, Ned and Betty executed new wills that were virtually identical to their July 2008 wills with the exception that different alternate executors were named. Betty’s will stated, in pertinent part:
“I, Elizabeth S. Butler, make.this my Last Will and Testament, revoking all others.
“I leave my entire estate to Trustee for The Butler Family Trust, wherever said estate is situated' at the time of my death. I declare that the distribution plan for assets held in said trust dated July 8, 2008, as it may be amended, should be incorporated into this Will in the event that the trust is revoked or held invalid.”
Ned died on December 7, 2011.[1] On October 8, 2012, Betty executed a will in which she expressly revoked “all other wills, codicils or other instruments of a testamentary character” previously executed by her and devised certain real and personal property to various fairiily members and friends. The distribution of Betty’s estate in the will differed from the distribution of her estate as provided in The Butler Family Trust; Larry ■ was named executor of her will.
Betty died on December 23, 2013. The Elmore Probate Court admitted Betty’s 2012 will to probate on March 10, 2014. The following day, Ned Jr.’s children filed a complaint in Elmore Circuit Court against Larry, individually and as executor of Betty’s estate, contesting Betty’s 2012 will. In their complaint, Ned Jr.’s children alleged that the admission of the 2012 will would defeat the estate plan Ned and Betty had put in place and that the 2012 will was contrary to the terms of The Butler Family Trust and, consequently, was void. They asked the circuit court to declare Betty’s 2012 will -invalid and to reverse, revoke, and set aside the probate court’s order admitting Betty’s 2012 will to probate. Ned Jr.’s children also petitioned the circuit court for removal of Betty’s estate from the Elmore Probate Court to the Elmore Circuit Court. On March 12, 2014, the circuit court entered an order removing Betty’s estate from the probate court to the circuit court.
*715 On December 9, 2014, the circuit court conducted a hearing to address the complaint contesting Betty’s - 2012 will. The circuit court admitted into evidence, among other documents, a copy of The Butler Family Trust and copies of the various wills executed by Ned and Betty.
Thomas T. Slaughter, Jr., who assisted Ned and Betty in their estate planning, testified that Ned and Betty created The Butler Family Trust to preserve their assets for their benefit while they were both alive, for the continuing benefit of the surviving spouse, and, upon the death of the surviving spouse, for the benefit of their children and grandchildren.
J. Knox Argo, an attorney and a neighbor of Ned and Betty’s, testifiéd that he had talked with Betty about her will and The Butler Family Trust. He stated that he had examined The Butler Family Trust and the wills and that in his opinion none of those documents prevented Betty from changing her will. He testified that he had told Betty that she could not remove any property that had been placed in The Butler Family Trust but that she could change her will.
On December 30, 2014, the circuit court entered an.order, stating:
“[T]he Probate Court Order of Elmore County dated March 10, 2014,' in The Estate of Elizabeth S. Butler, deceased is set aside as the Will of Elizabeth S. Butler dated October 8, 2012, is declared invalid as Elizabeth S. Butler was unable by contract to execute the same'due to execution of the provision is [Article 4] Section 1(d) of The Butler Family Trust.
“Therefore, it is ordered, that the Will of Elizabeth S. Butler dated October 8, 2012 is declared void and the Order of the Elmore County Probate Court in The Estate of Elizabeth S. Butler dated March 10, 2014,' is set aside as the-Will itself is void.”
Larry moved to alter, amend, or vacate the circuit court’s judgment, arguing that the circuit court'erred in applying § 43-8-250, Ala.Code 1975, to the facts of this case because, he said, although there was language in The Butler Family Trust prohibiting Betty from changing the trust after Ned’s death, there was no language in either The Butler Family Trust or Betty’s earlier wills creating a contract that prohibited her from revoking the will she made while Ned was living and, making a new one following Ned’s death. On Feb^ ruary 18, 2015, the circuit court denied the motion to alter, amend, or vacate the judgment.
On March 26, 2015, Larry appealed the judgment to this Court.

Standard of Review

 ‘Where evidence is presented to the trial court ore terms, a presumption of correctness exists as to the court’s findings on issues of fact; its judgment based on those findings of fact will not be disturbed unless it is clearly erroneous, without supporting evidence, manifestly unjust, or against the great weight of the evidence. Gaston v. Ames, 514 So.2d 877 (Ala.1987); Cougar Mining Co. v. Mineral Land & Mining Consultants, Inc., 392 So.2d 1177 (Ala.1981). However, when the trial court improperly applies the law to the facts, no presumption of correctness exists as to the court’s judgment. Gaston, supra; Smith v. Style Advertising, Inc., 470 So.2d 1194 (Ala.1985); League v. McDonald, 355 So.2d 695 (Ala.1978).”
Hart v. Jackson, 607 So.2d 161, 162 (Ala. 1992).

Discussion

Larry contends that the circuit court erred in holding that The, Butler *716 Family Trust constituted a contract preventing Betty from revoking her September 2011 will. Specifically, he argues that the language in Article 4, § 1(d), of The Butler Family Trust does not satisfy the requirements of § 43-8-250 because, he says, § 43-8-250 applies to wills and not to trusts.
Section 43-8-250 provides, in pertinent part:
“A contract ... not to revoke a will or devise, ... if executed after January 1, 1983, can be established only by:
“(1) Provisions of a will stating material provisions of the contract;
“(2) An express reference in a will to a contract and extrinsic evidence proving the terms of the contract; or
“(3) A writing signed by the decedent evidencing the contract.
“The execution of a joint will or mutual wills does not create a presumption of a contract not to revoke the will or wills.”
As the Court of Civil Appeals stated in Bowers v. Bell, 57 So.3d 130, 135 (Ala.Civ.App.2010):
“[T]he plain language of '§ 43-8-250 states that a contract to make a will [or not to revoke a will or devise] can only be established by proof satisfying sub-paragraphs (1), (2), or (3) of that statute. When plain language is used in a statute, a court is bound to interpret that language to mean exactly what it says. See IMED Corp. v. Systems Eng’g Assocs. Corp., 602 So.2d 344, 346 (Ala. 1992).”
Section 43-8-250(1) requires that there be a will “stating material provisions of the contract.” Betty’s 2011 will does provide that if The Butler Family Trust is revoked or held invalid the distribution plan for assets provided in the trust shall be incorporated into the will. This declaration, however, does not set forth “material provisions” of a contract wherein Betty agreed not to revoke her will or a devise. Therefore, Betty’s 2011 will does not contain proof of a contract not to revoke her will or a devise, and § 43-5-250(1) is not satisfied.
Section 43-8-250(2) requires that there be “[a]n express reference in a will to a contract and extrinsic evidence proving the terms of the contract.” A reading of Betty’s 2011 will establishes that the will does not contain any express reference to a contract not to revoke the will or a devise. Therefore, Betty’s 2011 will does not provide proof of a contract not to revoke a will or devise as provided in § 43-8-250(2).
Section 43-8-250(3) requires that there be “[a] writing signed by the decedent evidencing the contract.” The Butler Family Trust is a contract, and the trust, with the exception of the provision that Ned’s and Betty’s wills “are not intended to be, and shall not be construed to be, contractual or reciprocal,” does not contain any language, express or implied, that prohibits Betty from revoking her will. Although the trust evidences a thorough estate plan, provides specific instructions with regard to the distribution of the assets in the trust, and provides that, after the first spouse dies, the surviving spouse cannot amend or revoke the trust, nothing in the language in the trust restricts Ned or Betty while both are living or after one dies from revoking his or her will and changing the distribution of his or her estate. Therefore, The Butler Family Trust does not provide proof of a contract to not revoke a will or devise as provided in § 43-8-250(3).
Because the evidence does not establish that Betty entered into a contract not to revoke her will or a devise, the circuit court’s judgment declaring Betty’s 2012 will to be void and setting aside the probate court’s order to admit that will to *717 probate because Betty had executed a. contract not to revoke her 2011 -will is erroneous.

Conclusion

Based on the foregoing, the judgment of the circuit court is reversed, and this case is remanded for proceedings consistent with this opinion.
REVERSED AND REMANDED.
MOORE, C.J., and PARKER, SHAW, and WISE, JJ., concur.

. On June 25, 2014, Ned’s 2011 will was • admitted to probate by order of the Elmore Probate Court, and letters testamentary were granted to Thomas T. Slaughter, Jr.